# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:25-CR-90 |
| | : | |
| v. | : | JUDGE COLE |
| | : | |
| JAMES PHILLIPS, | : | **UNITED STATES' SENTENCING MEMORANDUM** |
| Defendant. | : | |

The United States Attorney's Office submits this sentencing memorandum with respect to James Phillips, who pled guilty to Count 1, Transportation of Explosive Materials, in violation of 18 U.S.C. §§ 842(a)(3)(A) and 844 (a)(1). The parties entered a Rule 11(c)(1)(C) agreement with an agreed disposition of a three-year term of probation, $100 special assessment and certain terms of probation such as 100 hours of community service and mental health counseling. Based upon the factors set forth in 18 U.S.C. § 3553(a), the United States requests that the Court impose the parties' agreed upon sentence, which is the appropriate sentence in this case, given the unique circumstances present.

## ARGUMENT[1]

The Court's task at sentencing is to impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a). The Court should begin by correctly calculating the applicable guidelines range. *Gall v. United States*, 552 U.S. 38, 49–50 (2007). However, the guidelines represent a starting point – not the Court's sole consideration. Rather, the Court crafts an appropriate sentence by considering the guidelines along with the section 3553(a) factors. *Id.* In so

---

[1] Due to the Court's extensive experience sentencing defendants in federal criminal cases, the United States dispenses with a recitation of the general law applicable to the sentencing guidelines and section 3553(a).

1

doing, the Court may not presume that the guidelines range is reasonable but should make an individualized assessment based on the facts. *Id*.

## Calculation of the Sentencing Guidelines

The probation officer conducted a thorough presentence investigation as required by Fed. R. Crim. P. 32. As a result of her investigation, she determined that the final offense level is 11, and that the defendant's criminal history category is I. Neither party objected to the guideline calculations in the initial PSR. The corresponding sentencing range for level 11, criminal history category I, is 8 to 14 months.

## Section 3553(a) Factors

Mr. Phillips' conduct was quite serious. For more than a year, Mr. Phillips bought substantial quantities of chemical precursors and manufactured primary explosives in a shed in his backyard. These compounds were highly sensitive to heat, shock, and friction. Mr. Phillips then transported these explosives to various locations and used them to detonate devices.

For example, Mr. Phillips transported explosives to Kentucky and blew up a tractor in February 2024.[2, 3]



---

[2] Counsel for Mr. Phillips indicated that he had permission to blow up the tractor on private property.
[3] The photos contained in this sentencing memorandum are screenshots of videos obtained from Mr. Phillip's icloud/iPhone.

A few months later, in April 2024, Mr. Phillips detonated an explosive device at a sports complex in Lebanon, Ohio.



Mr. Phillips also detonated explosives underwater in a neighborhood pond in the summer of 2024.



4

Mr. Phillips also transported a large quantity of explosives to Kentucky in July 2024, to blow up a car.[4]



---

[4] Counsel for Mr. Phillips indicated that he had permission to blow up the car on private property.

And, in the early morning hours of Sunday, September 22, 2024, Mr. Phillips transported explosives to a sports complex in Lebanon, Ohio, and abandoned an IED and detonator at the sports park, where children would be playing soccer games early the next morning.  Specifically, as outlined in the plea agreement, Mr. Phillips transported components of an Improvised Explosive Device (IED), including a homemade detonator, which contained Nickel Hydrazine Nitrate (NHN), and Erythritol Tetranitrate (ETN) to a soccer complex in Lebanon, Ohio ("soccer complex").  The detonator, NHN, and ETN are explosive materials, which Mr. Phillips made prior to September 22, 2024, using items that he had purchased in interstate commerce.

Mr. Phillips planned to detonate the IED using a remote control in the far corner of the soccer complex, which was dark and remote. As Mr. Phillips drove away from the IED to a point where he could use the remote, a Lebanon Police Officer (LPD) entered the parking lot and stopped Mr. Phillips prior to the detonation of the IED.  Mr. Phillips was instructed to leave the complex because the complex was closed. Mr. Phillips left as instructed, leaving the IED and detonator at the complex.

After Mr. Phillips left the soccer complex, the LPD Officer continued through the parking lot and discovered the IED in the location where Mr. Phillips was originally parked.  The IED had wires running from a pile of white powder to a control switch.  The control switch had a red light on when the LPD Officer discovered the IED.  The officer contacted Butler County Bomb Squad (BCBS) to seize the IED.



| Detonator | White Powder | IED |

BCBS tested residue that was found on the IED. BCBS testing revealed that the IED detonator contained Nickel Hydrazine Nitrate (NHN), and the white powder contained Erythritol Tetranitrate (ETN). BCBS used a handheld chemical identification device to test the IED detonator. The IED detonator exploded while it was being tested, breaking the chemical identification device.

Law enforcement searched Mr. Phillips' shed in April 2025, which was behind his family's house in a residential neighborhood. Propane tanks, hoses, chemicals and various supplies littered the exterior of the shed. Inside the shed, law enforcement recovered numerous IEDs and detonators.





Mr. Phillips conduct posed a danger to the community – and he appreciated the seriousness of his conduct. In April 2024, around the time of the first detonation in the soccer complex, an acquaintance indicated that a parent had learned about the park and had expressed concern about trespassing. Mr. Phillips found the concern about trespassing comical in the scheme of things, and responded as follows:





9

Mr. Phillips is fortunate that no one was injured when he was transporting highly volatile, explosive materials around town and to Kentucky. What would have happened if he had been in a car accident or the materials had exploded in his car? What would have happened if a neighborhood child had stumbled upon the lab in his backyard? What would have happened when children arrived for their soccer games on Sunday morning if the police officer had not found the IED in the parking lot?

While the nature and circumstances of Mr. Phillips's conduct was serious, there are also mitigating history and characteristics for the Court to weigh. First, Mr. Phillips is relatively young with no criminal history. Second, as Mr. Phillips reports – and law enforcement does not have any evidence to suggest otherwise – the offense conduct was not motivated by extremist ideology or the desire to target another, but rather, a fascination with explosive materials. Third, no one was injured. And fourth, shortly after his arrest, Mr. Phillips expressed a desire to accept responsibility[5] and has worked to become a productive member of the community.

The United States requests that the Court impose the sentence provided for in the parties' plea agreement, which is an appropriate sentence under the section 3553(a) factors, considering the unique circumstances of this case.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

*s/Emily N. Glatfelter*
EMILY N. GLATFELTER (0075576)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711

---

[5] Defense counsel's sentencing memorandum seems to suggest that Mr. Phillips cooperated with the United States. Mr. Phillips did not proffer or otherwise attempt to provide substantial assistance. However, Mr. Phillips quickly accepted responsibility and worked to resolve his case, as noted above.

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Sentencing Memorandum was filed electronically this 24th of February 2026 and served upon all counsel of record via the Court's CM/ECF system.

                                          *s/Emily N. Glatfelter*
                                          EMILY N. GLATFELTER
                                          Assistant United States Attorney